**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLAND DIVISION**

TERESA WELBORN,

        Plaintiff,

v.                                  Case No:   6:16-cv-1003-Orl-37KRS

MANOHAR JAIN; and USHA JAIN,

        Defendants.
_____

**ORDER**

This cause is before the Court on the following matters:

(1)     Plaintiff's Motion to Dismiss Counterclaims Or, Alternatively, Motion for More Definite Statement (Doc. 53), filed December 13, 2016; and

(2)     Defendants Manohar Jain's and Dr. Usha Jain's Motion to Oppose the Plaintiff's Motion for Dismissal of the Counterclaims of the Defendants (Doc. 54).

**BACKGROUND**

On **August 29, 2016**, Plaintiff Teresa Welborn ("**Plaintiff**") filed an Amended Complaint under the Fair Labor Standards Act ("**FLSA**") against *pro se* Defendants Manohar Jain and Usha Jain ("**Defendants**"). (*See* Docs. 34, 37.) Defendants filed their Answer, Affirmative Defenses, and Counterclaims on **November 22, 2016** (Doc. 52, pp. 11–13 ("**Counterclaim**")), Plaintiff moved to dismiss or for a more definite statement (Doc. 53 ("**Motion**")), Defendant responded (Doc. 54 ("**Response**")), and the matter is now ripe for adjudication.

**LEGAL STANDARDS**

Counterclaimants must plead "a short and plain statement of [their] claim." *See* Fed. R. Civ. P. 8(a)(2); *see also* Fed. R. Civ. P. 7(a). They also must state their claim "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If a counterclaim does not comport with these pleading requirements, or otherwise fails to state a plausible claim, the counter-defendant may move to dismiss based on Federal Rule of Civil Procedure 12(b)(6). *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas. Dist.*, 992 F. 2d 1171, 1174 (11th Cir. 1993). In determining whether a counterclaim is plausible, the Court must accept the well-pled factual allegations as true; however, this "tenet . . . is inapplicable to legal conclusions." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555.

**DISCUSSION**

The Counterclaim consists of only two pages, three numbered paragraphs, and five unnumbered paragraphs. The unnumbered paragraphs allege that Defendants seek to assert claims for conversion and breach of fiduciary duty, and the Court should exercise supplemental jurisdiction over such claims. (*See* Doc. 52, pp. 11–12.) The three numbered paragraphs allege that:

    1.    Defendants, sues [sic] the [P]laintiff for unauthorized use of the 2nd room and non payment [sic] for the room.

    2.    Defendants/counterclaim plaintiffs sue the [P]laintiff for use of the laundry of the hotel for her family's personal use.

    3.    Defendants/counterclaim plaintiffs sue the [P]laintiff for breach of fiduciary duty to the

> Defendants/counterclaim plaintiffs and conspiracy with Brad Pinkerton in unlawfully renting the room without paying the money to the Defendants/counterclaim plaintiffs-criminal activity [sic].

(*Id.* at 13.) These allegations are entirely unclear and fall far short of minimum pleading requirements. Hence the Counterclaim is due to be dismissed.[1]

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion to Dismiss Counterclaims or, Alternatively, Motion for More Definite Statement (Doc. 53) is **GRANTED**.

2. The Counterclaim (Doc. 52, pp. 11–13) is **DISMISSED WITHOUT PREJUDICE**.

3. On or before **January 21, 2017**, Defendant may file an Amended Counterclaim that complies with the minimum pleading requirements established in Rules 8(a), 8(d)(1), 9(b), and 10(b).

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 16, 2017.



ROY B. DALTON JR.
United States District Judge

Copies:

---

[1] The Counterclaim as currently presented is too unclear and confusing to permit fair consideration of Plaintiff's arguments that the Counterclaim is either unrelated to Plaintiff's FLSA claims or would predominate over such claims. (Doc. 53, pp. 2–5.)

Counsel of Record

Pro Se Parties

Case 6:16-cv-01003-RBD-KRS   Document 62   Filed 01/17/17   Page 4 of 4 PageID 272